In re Estate of Joseph Gorlewicz, Deceased.
On Appeal of Mary Gorlewicz, Appellant, v. Henry A. Fowler, Administrator, Appellee.

Gen. No. 21,318.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. JOHN Mc-NUTT, Judge, presiding. Heard in this court at the March term, 1915. Reversed and remanded with directions. Opinion filed January 3, 1916.

Statement of the Case.

Proceeding by Henry A. Fowler, administrator of the estate of Joseph Gorlewicz, deceased, against Mary Gorlewicz.

The Probate Court entered a rule on defendant, Mary Gorlewicz, to show cause why she had not complied with an order of that court directing her to turn over to the administrator of the estate of Joseph Gorlewicz certain personal property and a saloon license, or $2,000 received on a sale of the same. On the hearing a rule was entered directing her to pay over to the administrator $2,000. From such order she appealed to the Circuit Court. On the hearing in that court the following order was entered following certain findings:

"Therefore, it is considered by the court that the appellant, Mary Gorlewicz, take nothing by her aforesaid action, and that the administrator of the estate of Joseph Gorlewicz go hence without day and do have and recover of and from the appellant, Mary Gorlewicz, the sum of two thousand dollars, together with his costs and charges in this behalf expended and have execution therefor."

The evidence showed that Joseph Gorlewicz died May 4, 1911, and had at the time of his death a dramshop license which expired October 31, 1911. The appellant carried on the dramshop after his death, and

October 27, 1911, made application for a dramshop license for six months beginning November 1st, and one was issued to her by the City of Chicago. February 13, 1912, she sold the license so issued to her for $2,000.

P. E. O'Neil, for appellant.

No appearance for appellee.

Mr. Justice Baker delivered the opinion of the court.

## Abstract of the Decision.

Executors and administrators, § 62*—*when evidence insufficient to show that property constitutes asset of estate.* In a proceeding to compel one to turn over to the administrator of an estate certain personal property and a saloon license, or the price received by sale of the license, as property of the estate, evidence examined and *held* insufficient to show that the license in question was not the property of defendant.

---

## Frank H. Jones, Trustee, Appellant, v. Louis W. Parker et al., Appellees.

### Gen. No. 21,328.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. William E. Dever, Judge, presiding. Heard in this court at the March term, 1915. Affirmed. Opinion filed January 3, 1916.

## Statement of the Case.

Action for deceit by Frank H. Jones, trustee in bankruptcy of the estate of Benezette Williams, and Charles MacRitchie, copartners as Williams & Mac-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.